# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Corian Edwards, | 2:25-cv-01247-JAD-MDC |
| Plaintiff, | |
| vs. | Order |
| Bellagio, LLC, | |
| Defendant. | |

Pending before the Court is *pro se* plaintiff Corian Edward's *Application to Proceed In Forma Pauperis* ("IFP") (*ECF No. 2*). The Court denies the IFP application without prejudice. Plaintiff must either file a new Short or Long Form IFP application OR pay the full filing $405 fee by **Wednesday, September 24, 2025**.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status.

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff filed an IFP application (*ECF No. 2*); however, it is neither a Short nor Long Form application. Plaintiff's application seems to be for Nevada state courts. While plaintiff's application is similar to the Short and Long Form federal applications, there are distinct differences. The Short Form application includes sections give specific queries about the assets, dependents, and specific debts the applicant has. *See generally* AO 240. In so doing, the Short Form application offers space for the applicant to explain why he or she is unable to pay the filing fee. *See id.* The application plaintiff uses has no such room, only offering a declaration space at the end to "briefly explain" why he cannot pay the filing fee. *ECF No. 2* at 3. In addition, the Long Form application goes into more detail than plaintiff's application. For example, it asks for the employment history of the applicant and the applicant's spouse for the last two years, as well as the specific names (or initials) and ages of applicant's dependents. AO 239 at 2-3. If the plaintiff used the Long Form application, he would be able to better explain his job history, as he tried to do in

the declaration section of his application, as well as the status of his dependents.[1] As indicated above, the District of Nevada adopted the Short and Long Form applications to properly determine if plaintiff is unable to pay the filing fee. The Court requires the filing of either the Short or Long Form federal applications in this instance. Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file her IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete the Short or Long Form IFP application. The Court notes that plaintiff cannot leave any questions blank or simply answer the question with "$0" or "N/A." Plaintiff must provide an explanation for his answers as needed.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (*ECF No. 2*) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either: (1) file a Short or Long Form IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **Wednesday September 24, 2025.** Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 27th day of August 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

//

---

[1] Also, the Long Form application explicitly allows for more pages to be attached to explain the financial situation of the applicant while plaintiff's application does not.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.