PAUL T. TRIMMER, ESQ.
Nevada State Bar No. 9291
CHAD C. BUTERFIELD, ESQ.
Nevada State Bar No. 10532
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Fax: (702) 921-2461
Email: paul.trimmer@jacksonlewis.com
         chad.butterfield@jacksonlewis.com

*Attorney for Defendants*
*Bellagio LLC d/b/a*
*Bellagio Hotel & Casino and*
*MGM Resorts International*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CORIAN EDWARDS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BELLAGIO, LLC d/b/a BELLAGIO HOTEL & CASINO, *et al.*, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-01247-JAD-MDC<br><br>**DEFENDANT MGM RESORTS INTERNATIONAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY** |

Defendant MGM Resorts International ("Defendant" or "MGMRI") respectfully files this opposition to Plaintiff's motion for leave to file surreply. (*See* ECF No. 71.) This opposition is made and based upon the accompanying Memorandum of Points and Authorities, and any oral argument permitted at the time of the hearing, if any, of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff's motion should be denied. Surreplies are not permitted as of right in this District, and motions for leave to file them are discouraged. Plaintiff identifies no exceptional or extraordinary circumstance warranting an additional brief and instead seeks another opportunity to

1

argue the merits of MGMRI's pending motion to dismiss by mischaracterizing ordinary reply arguments as "new" issues.

MGMRI's reply did what replies are supposed to do – it responded to arguments Plaintiff raised in his opposition. Plaintiff's opposition relied on materials outside the Second Amended Complaint ("SAC"), attempted to cure pleading defects through factual allegations not set forth in the SAC, advanced new characterizations of his discrimination theory, cited authority that had not been discussed in MGMRI's opening motion, and argued that documents attached to or referenced in the motion supported his claims. MGMRI was entitled to answer those points in reply. A party does not create a right to a surreply simply by disagreeing with the moving party's response to arguments the nonmovant raised in an opposition brief.

Plaintiff's proposed surreply seeks to reargue the merits of the motion to dismiss, advances additional factual narratives, cites further authority, and asks for alternative leave to amend. That is precisely the type of "last word" briefing the Local Rules discourage. Because MGMRI's reply did not raise new evidence or new issues that require a response, Plaintiff's motion for leave should be denied

## II.    LEGAL STANDARD

Local Rule 7-2(b) provides that "[s]urreplies are not permitted without leave of court" and that motions for leave to file a surreply "are discouraged." LR 7-2(b). Courts in this District repeatedly recognize that surreplies are "highly disfavored" because they often amount to an improper attempt to obtain the last word. *See, e.g.*, Smith v. United States, No. 2:13-cv-039-JAD-GWF, 2014 U.S. Dist. LX 42142, at *17 (D. Nev. Mar. 28, 2014); *Stabel v. Barsky*, No. 3:12-cv-00652-MMD-WGC, 2013 U.S. Dist. LX 54761, at *5 (D. Nev. Apr. 17, 2013) (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)). "Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Stevens v. Prentice*, No. 2:17-CV-970 JCM (PAL), 2018 U.S. Dist. LX 133471, at *3 (D. Nev. Aug. 8, 2018) (citing *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 U.S. Dist. LEXIS 135661, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases)).

A surreply may be appropriate where a reply brief raises new issues or presents new evidence that the opposing party had no fair opportunity to address. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Where, as here, the reply merely responds to the opposition and raises no new matter necessitating further argument, denial of leave is proper. *See Finley v. Fax*, 683 F. App'x 630, 631 (9th Cir. 2017).

## III.    LEGAL ARGUMENT

### A.    MGMRI's Reply Did Not Raise New Issues Warranting a Surreply.

Plaintiff identifies five supposed "new" arguments in MGMRI's reply. None justifies a surreply. Each was responsive to points Plaintiff raised in opposition to MGMRI's Motion to Dismiss.

> 1.    <u>MGMRI's discussion of Plaintiff's May 7 statement responded to Plaintiff's protected activity and hostile work environment arguments</u>.

Plaintiff first argues that MGMRI raised a new factual characterization by noting that Plaintiff's May 7, 2024 voluntary statement reflected that he initially entertained the possibility of trading massages. That is not a new issue. MGMRI attached and cited Plaintiff's May 7 statement in its opening Motion to Dismiss under the incorporation-by-reference doctrine. Plaintiff then relied heavily on his own version of the alleged massage-exchange facts in opposition, including to argue protected activity, objective reasonableness, and hostile work environment.

MGMRI's reply permissibly responded to those arguments by pointing to language in a document that MGMRI placed before the Court as an exhibit to its motion to dismiss. A moving party may use a reply to address how the record cited by the parties bears on arguments raised in the opposition. Plaintiff's disagreement with MGMRI's interpretation of the May 7 statement does not transform the reply into new evidence or create an extraordinary circumstance warranting a surreply.

Nor does Plaintiff need a surreply to address the document. Plaintiff already had the opportunity to discuss his May 7 statement in his opposition. Indeed, his proposed surreply confirms that he seeks not to answer a genuinely new issue, but to provide a more detailed merits response to an issue already briefed, thereby attempting to have the last word on the issue.

2.     MGMRI's objection to Plaintiff's declaration responded directly to Plaintiff's opposition materials.

Plaintiff next contends that MGMRI asked the Court to "exclude[e] Plaintiff's Defendant-produced Bates-numbered exhibits[.]" (ECF No. 71 at 2:1-2.) MGMRI made no such request. Rather, MGMRI objected to Plaintiff's declaration, which contains improper commentary:

> MGMRI objects to the Court's consideration of Plaintiff's declaration, in which he provides commentary as to each of the exhibits attached to his opposition brief, is improper and should be disregarded. *See Schneider*, 151 F.3d at 1197 n.1 ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

(ECF No. 70, at 2:23-27.) Plaintiff's lack of candor to the Court and mischaracterization of MGMRI's arguments do not supply exceptional or extraordinary circumstances warranting a surreply.

Moreover, the foregoing argument in MGMRI's reply brief was not new. In its motion, MGMRI argued that Rule 12(b)(6) tests the sufficiency of the SAC and that Plaintiff failed to plead facts establishing MGMRI's employer status, exhaustion, discrimination, hostile work environment, retaliation, or post-termination contractual interference. Plaintiff's opposition then attempted to fill those alleged pleading gaps through materials not properly considered on a motion to dismiss, including Plaintiff's commentary in his declaration, and numerous factual assertions not pleaded in the SAC. MGMRI properly responded to Plaintiff's attempt to introduce new allegations by explaining that Plaintiff cannot use opposition materials to rewrite the operative complaint. That is a routine reply argument, not a new ground for dismissal.

Plaintiff's proposed surreply would expand the debate further by arguing why each of his newly asserted allegations should be considered. That is an attempt to continue merits briefing on the Motion to Dismiss, not a basis for leave to file a surreply.

///

///

///

4

3.     MGMRI's analysis of *Cliff* in its reply brief was proper as MGMRI cited to *Cliff* in its motion to dismiss and appropriately responded to Plaintiff's arguments in opposition.

Plaintiff's contention that MGMRI raised a new issue by distinguishing *Cliff v. Freedomroads, LLC*, No. 3:25-cv-00296-CSD, 2025 LX 470147 (D. Nev. Oct. 14, 2025), which Plaintiff falsely asserts "MGMRI's opening Motion did not address." (ECF No. 71, at 2:4-6.) In fact, MGMRI expressly cited to *Cliff* in its motion to dismiss. (*See* ECF No. 63, at 16:26 to 17:1.)

Moreover, even if MGMRI had not cited to *Cliff* in its motion to dismiss, it would still have been entirely appropriate for MGMRI to address the case in its reply brief, as the movant is generally entitled to the last word. Plaintiff's proposed approach would turn this established standard on its head such that the opposing party would be entitled to the final word, effectively depriving the movant the right to challenge any arguments raised in an opposition brief. *See, e.g.*, *DeCastro v. McKnight*, No. 2:24-cv-00435-DJA, 2025 U.S. Dist. LX 162206, at *11-12 (D. Nev. Aug. 21, 2025) ("Replies are not limited to merely reurging the points and authorities from the motion. New arguments are permitted—indeed expected—in a reply if they are responsive to points or authorities raised in the response brief. It is only the arguments that lack a relationship to something raised in the response brief that might justify expanding the briefing.").

4.     MGMRI's judicial admission argument responded to Plaintiff's attempt to recast his employer allegations.

Plaintiff contends that MGMRI newly argued that Plaintiff judicially admitted in the SAC that Bellagio was Plaintiff's employer. MGMRI's opening motion squarely argued that the SAC alleges Bellagio—not MGMRI—employed Plaintiff, and that Plaintiff failed to plead facts plausibly establishing MGMRI as an employer, joint employer, or principal. (*See* ECF No. 63, at 8:2 to 9:14.) In his opposition brief, Plaintiff attempted to characterize himself as an MGMRI employee stationed at Bellagio and relied on extra-pleading materials to support that position.

MGMRI's reply permissibly responded by emphasizing that Plaintiff's own pleading alleges Bellagio was his direct employer. Whether framed as a pleading admission or as a deficiency under Rule 12(b)(6), the point is the same one raised in MGMRI's motion – that Plaintiff has not pleaded facts showing that MGMRI employed him or controlled the relevant employment

5

decisions. Plaintiff's proposed surreply simply seeks another chance to argue alternative employer theories.

> ### 5. MGMRI's discussion of Count Two responded to Plaintiff's opposition reframing of the discrimination claim.

Finally, Plaintiff argues that MGMRI raised a new issue by asserting that Plaintiff's opposition reframed Count Two from disparate treatment into a status-based discrimination theory. Again, MGMRI was responding to Plaintiff's opposition. MGMRI's opening motion challenged Count Two as insufficiently pleaded. (ECF No. 63, at 17:20 to 18:22.) Plaintiff's opposition then attempted to defend Count Two by characterizing it as discrimination in the handling of his complaint and termination, rather than as the disparate-treatment claim pleaded in the SAC.

Plaintiff's argument that MGMRI newly raised this issue in its reply brief conveniently disregards the following text set forth in MGMRI's motion to dismiss:

> Although the nature of Plaintiff's race and sex discrimination claims under Title VII and § 1981 is unclear on the face of the SAC, Plaintiff appears to be attempting to assert a status-based discrimination claim on a disparate-treatment theory, as Plaintiff has compared his treatment to that of his Caucasian co-worker, Rallis. (*See* SAC, ECF No. 45, at ¶¶ 45-46.)

(ECF No. 63, at p. 17, n.3.) MGMRI's reply appropriately explained why Plaintiff's reformulation does not cure the pleading defect. That response did not inject a new issue; it addressed Plaintiff's own merits argument on an issue MGMRI raised in its motion to dismiss.

**B.      Plaintiff's Proposed Surreply Is an Improper Attempt to Have the Last Word on the Motion to Dismiss.**

Plaintiff's proposed surreply is a merits brief opposing dismissal. It reargues the massage-exchange facts, the incorporation by reference doctrine, protected activity, employer status, discrimination, Section 1981 causation, and leave to amend. Those are the same subjects already addressed in the motion, opposition, and reply.

The proposed surreply also adds new factual narratives and argumentative gloss. For example, Plaintiff seeks to further explain his version of the massage-exchange chronology, characterize management's actions as "boundary-setting" issues, expand his alternative employer

theories, and argue in the alternative for amendment based on documents he contends are already known to the parties.

Allowing the proposed surreply would defeat the purpose of LR 7-2(b). If a party could obtain leave whenever a reply brief disputes the opposition's framing or responds to authorities and documents the opposition raised, surreplies would become routine rather than exceptional. The Court should decline Plaintiff's invitation to extend briefing simply because he wants to bolster his arguments and have the final word on MGMRI's motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Bellagio respectfully requests that the Court deny Plaintiff's motion for leave to file a surreply.

DATED this 17th day of June, 2026.

JACKSON LEWIS P.C.

/s/ Chad C. Butterfield
Paul T. Trimmer, Esq.
Nevada State Bar No. 9291
Chad C. Butterfield, Esq.
Nevada State Bar No. 10532
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Bellagio LLC d/b/a*
*Bellagio Hotel & Casino and*
*MGM Resorts International*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 17th day of June, 2026, I caused to be served upon all registrants via the Court's electronic filing and service system a true and correct copy of the above foregoing **DEFENDANT MGM RESORTS INTERNATIONAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY.**

*/s/ Chad C. Butterfield*
Employee of Jackson Lewis P.C.

8